## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————— )
ZANTAZ ENTERPRISE ARCHIVE )
SOLUTION, LLC, f/k/a CAPAX )
DISCOVERY LLC, )
 )
**Plaintiff,** )
 )                          **Civil Action No.**
**v.** )                    **22-12074-FDS**
 )
PROMEDICA HEALTH SYSTEM, INC. )
d/b/a PROMEDICA SENIOR CARE )
f/k/a HCR MANORCARE INC., )
 )
**Defendant.** )
———————————————————————— )

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
## TO DISMISS AND MOTION TO STRIKE

**SAYLOR, C.J.**

This case concerns the alleged use of licenses without payment. According to the

complaint, in 2019, plaintiff discovered that defendant had activated and used 37,956 software

licenses despite paying for only 15,671 licenses. The complaint asserted three counts: (1)

breach of contract, (2) conversion, and (3) unjust enrichment.

## I.    Background

On March 6, 2023, defendant moved to dismiss the complaint. On April 17 and 18,

2023, plaintiff moved to amend the complaint, filed an opposition to the motion to dismiss, and

filed a declaration of Michael A. McGrath in support of the opposition.

On May 1, 2023, defendant moved to strike the McGrath declaration. Plaintiff opposed

that motion on May 15, 2023, and urged that the declaration be considered in context with the

pending motion to amend the complaint.

The court granted the motion to amend the complaint. Defendant then answered the amended complaint, but did not file a renewed motion to dismiss.

## II.    <u>Motion to Dismiss</u>

As noted, defendant moved to dismiss the original complaint for failure to state a claim. Plaintiff then amended the complaint. Rather than renew its motion, defendant filed an answer. While "an amended pleading ordinarily supersedes the original and renders it of no legal effect," *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000), some courts have found that "this rule does not, however, dictate that a pending motion to dismiss is automatically rendered moot when a complaint is amended." *Pettaway v. National Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020); *Mullowney v. USAA Cas. Ins. Co.*, 2023 WL 3092917, at *2 (D.R.I. Apr. 26, 2023). Rather, those courts have found that "when faced with an amended complaint, they may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway*, 955 F.3d at 303; *see also Brunig v. Clark*, 560 F.3d 292, 294 (5th Cir. 2009). That approach promotes judicial economy because multiple rounds of briefing are no longer necessary for legally insufficient claims. *Pettaway*, 955 F.3d at 303.

However, when, as here, defendant responds to the amended complaint with an answer, it is no longer possible to discern whether defendant still maintains the same position that the amended complaint is deficient. Because defendant could have responded with a renewed motion to dismiss, but did not, the court will deny the amended motion to dismiss as moot.

## III.    <u>Motion to Strike</u>

Pursuant to Fed. R. Civ. P. 12(f), the court may strike from a pleading "an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) specifically gives the court discretion as to whether or not to strike a particular item, although motions to strike are generally disfavored. *See Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (citing *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)). Motions to strike are rarely granted absent a showing of prejudice to the moving party. *Hayes v. McGee*, 2011 WL 39341, at *2 (D. Mass. Jan. 6, 2011) (citing *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 182 F.R.D. 386, 398 (D.R.I. 1998).

Defendant's motion to strike does not cite any basis under Fed. R. Civ. P. 12(f). Instead, it appears defendant moved to strike in light of the provisions of Fed. R. Civ. P. 12(d) concerning consideration of matters outside the pleadings. While it is true that the court may not ordinarily consider material beyond the complaint, unless it converts the motion to one for summary judgment under Fed. R. Civ. P. 12(d), it is unnecessary to strike the declaration for the court to abide by that rule. Moreover, because the motion to dismiss is moot, the declaration filed in opposition to that motion to dismiss is also moot. Even if the motion were not mooted, defendant shows no prejudice that might result from the continued existence of the declaration on the record. Accordingly, the motion to strike will be denied.

## IV.   <u>Conclusion</u>

For the foregoing reasons,

1. Promedica Health System Inc.'s Amended Motion to Dismiss is DENIED as moot.

2. Promedica Health System Inc.'s Motion to Strike Declaration and Exhibits Filed by Plaintiff Zantaz Enterprise Solution, LLC, F/K/A Capax Discovery LLC with their Opposition to Defendant's Amended Motion to Dismiss is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  January 29, 2024                    Chief Judge, United States District Court